1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL D.,

                          Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

CASE NO. C22-222-BAT

**ORDER REVERSING AND
REMANDING**

The ALJ has twice found Plaintiff not disabled. The ALJ's first non-disability decision of April 2020, Tr. 200-222, was remanded by the Appeals Council; the ALJ was ordered to evaluate Plaintiff's carpal tunnel syndrome (CTS) and the severe mental limitations assessed by the state agency doctors which the ALJ credited but failed to include in the residual functional capacity (RFC) determination. Tr. 223-224. Following remand, the ALJ in September 2021 again found Plaintiff not disabled, Tr. 117-136. Plaintiff now appeals the ALJ's second decision.

Plaintiff contends the ALJ committed the same error the Appeals Council identified in reversing the first decision. In both decisions, the ALJ found Plaintiff has the RFC to:

> perform light work as defined in 20 CFR 416.967(b) except he is limited to no climbing ladders, ropes, or scaffolds, or crawling; he is limited to occasional kneeling and crouching; he is limited to frequent handling and fingering; he must avoid concentrated exposure to extreme cold, excessive vibration or hazards; and he is

ORDER REVERSING AND REMANDING - 1

able to understand and remember simple tasks and well-learned
complex tasks; and he found.

Tr. 124, 207.  In both decisions the ALJ found the opinions of Matthew Comrie, PsyD. and Rita

Flanagan, Ph.D., about Plaintiff's mental functional capacity were "persuasive." The doctors

opined Plaintiff is "able to understand and remember simple tasks," Tr. 180, "is capable of

appropriate interaction with supervisors and limited number of co-wrokers," but "would do best

w/ more supportive sup & away from GP." Tr. 196. The ALJ stated in the 2021 decision the

"undersigned fully compensates for the claimant cognitive and social limitations in the residual

functional capacity by limiting the claimant to simple tasks, well-learned complex tasks and no

contact with the public." Tr. 127.

The Commissioner concedes the ALJ failed to specifically address Drs. Comire's and

Flanagan's opinions regarding co-worker limitations and a supportive supervisor but argues this

failure is harmless because the jobs the ALJ found Plaintiff can perform —mailing clerk, router

and collator operator—can be performed with the limtiations the doctors assessed. Dkt. 11 at 2.

This is an impermissible post hoc argument. The Court reviews the ALJ's decision based on the

reasoning and findings offered by the ALJ—not post hoc rationalizations.  *See Pinto v.

Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001); *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225

(9th Cir. 1995). Here the ALJ found Plaintiff cannot perform past relevant work and had the

step-five burden to show Plaintiff can perform other jobs in the national economy. 20 C.F.R.

§§ 404.1520(g), 416.920(g); *Tackett v. Apfel*, 180 F.3d 1094, 1099-1100 (9th Cir. 1999). The

Commissioner agrees the ALJ did not address limitations assessed by Drs. Comrie and Flanagan.

The vocational expert (VE) testified Plaintiff could perform the mailing clerk, router and collator

jobs but that testimony did not include the limitations regarding co-workers or a supportive

supervisor. Hypothetical questions that an ALJ poses to a VE to determine what work a claimant

can perform "must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (quoting *Flores v. Shalala*, 49 F.3d 562, 570–71 (9th Cir.1995)). That did not occur here and there is thus no evidence of record Plaintiff can perform the jobs the identified with the limitations assessed by Drs. Comrie and Flanagan.

Despite the lack of any evidence of record showing Plaintiff can perform the jobs identified by the VE, the Commissioner proffers her own interpretation about the work requirements of mailing clerk, router and collator entail and argues each job could be performed with the omitted limitations. This is an argument not evidence the Court can rely upon. Further the argument permits any party to submit new facts on appeal and implies this Court can make new findings of fact to either affirm or reverse the ALJ's decision, regardless of what the ALJ found or did not find. This is something the Court cannot do. The Court has limited review powers under 42 U.S.C. § 405(g) and must treat the Commissioner's administrative findings, as to any fact, if supported by substantial evidence, to be conclusive. While the Court will examine the entire record, it cannot reweigh the evidence or substitute its judgment for that of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Court thus cannot make new findings of fact, ab inito, on appeal, and thus cannot makes the factural determinations the Commissioner urges.

Plaintiff also argues the ALJ misevaluated his testimony and the medical evidence regarding CTS. Because the ALJ found Plaintiff's impairments could cause the symptoms alleged and there was no malingering, the ALJ was required to provide clear and convincing reasons to reject Plaintiff's testimony. The ALJ rejected Plaintiff's testimony as "not entirely consisetent with the medical evidence and other evidence . . . explained in this decision. Tr. 125.

In support the ALJ noted that before November 2019, Plaintiff he no complaints about hand problems; a November 2019 exam showed some abnormality but normal hand strength, spasiticity, and range of motion; in 2018 Plaintiff reported working on a computer three hours a day; and in 2020 he was formally assessed with moderate CTS in both hands, was told he was a good candidate for surgery, but had no follow-up treatment since March 2020.

The ALJ erred. Plaintiff does not claim he had CTS symptoms before 2019. Rather his testimony and the medical record shows he began developing CTS symptoms in late 2019 that got progressively worse, to the point he became a candidate for surgery in 2020. The ALJ's assessment fails to account for how Plaintiff's CTS has worsened since 2020.

The ALJ's finding Plaintiff did not pursue surgery in 2020 suggests Plaintiff"s testimony failed to pursue treatment for no reason. Unexplained failure to pursue treatment might be grounds to discount a claimant's testimony, but Plaintiff testified "the pandemic hit and I've been stuck inside" when asked why he didn't pursue further treatment such as surgery. Tr. 162. Hence the ALJ erred in suggesting Plaintiff should be disbelieved for failure to pursue surgery.

The Commissioner defends the ALJ arguing Plaintiff's poor physical therapy attendance supports the ALJ's findings. The ALJ did not rely upon this argument and thus neither can the Court. The Commissioner also argues the ALJ provided sufficient reasons to reject Plaintiff's testimony about his mental limitations. This argument does not go to the ALJ's treatment of Plaintiff's physical limitations and thus is not a basis upon which the ALJ relied in rejecting the CTS testimony. And lastly, the Commissioner argues the ALJ noted Plaintiff's criminal history and status as a registered sex offender are the primary barriers to his ability to work. Plaintiff never argued he was disabled because of his criminal history, and the ALJ never found the fact

Plaintiff has a criminal history contradicts or is a basis to reject his testimony. The Court accordingly rejects the notion the ALJ found Plaintiff's criminal history undercuts his testimony.

For the reasons above, the Court **REVERSES** the Commissioner's final decision. Plaintiff argues the Court should remand for an award of benefits. This is inappropriate because the ALJ must make findings of fact whether there are jobs Plaintiff can perform even with the co-worker and special supervision limitations. Whether there are is the subject of expert VE testimony and matter which thus calls for further proceedings.

The Court accordingly **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall redetermine Plaintiff's RFC considering Drs. Comrie's and Flanagan's opinions that Plaintiff has limitations regarding co-workers and special supervision; these doctors opined Plaintiff can perform simple and well-learned tasks and thus the co-worker and supervision limitations are additional limitations that are not captured by an RFC limited to jobs "simple work."; the ALJ should develop the record further as needed with a particular eye toward whether Plaintiff's CTS is worsening; the ALJ shall proceed to the remaining steps and call a VE.

DATED this 24th day of August, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 5